UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIANNA PRZHEBELSKAYA,
VLADIMYR PRZHEBELSKIY,
and   YEVGENIA PRZHEBELSKAYA
              Plaintiffs

Against

JOHN ASHKROFT, Attorney General of the United
States, EDUARDO AGGUAIRE, JR, Commissioner of the
Bureau of Citizenship and Immigration Services, and
EDWARD MCELROY, District Director of the Bureau of
Citizenship and Immigration Services.



CV 03 3303
GERSHON, J.

COMPLAINT

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
* JUL - 8 2003 *
BROOKLYN OFFICE

CHREIN, J.

## I.
## INTRODUCTION

1. This is an action for declaratory and mandatory relief, authorized by the Declaratory Judgement Act, 28 USC Section 1361, and the Administrative Procedure Act, *et seq*. This action challenges the United States Government decision to deny adjustment of status to Marianna Przhebelskaya a DV-03 lottery winner and her husband Vladimir Przebelski and her daughter Yevghenia Przheblskaya. **This issue must be resolved and completed prior to September 30, 2003.**

## II.
## JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 USC Section 1331, Federal Question Jurisdiction (this action being one that arises under the Constitution and the laws of the United States, specifically INA Section 245, *et seq*. [8 USC Section 1255, *et seq*.]), 5 USC Section 555, *et seq*., and the Fifth Amendment to the U.S. Constitution; 28 USC Section 2201, the Declaratory Judgment Act; 5 USC Section 702, the Administrative Procedures Act; 28 USC Section 1361, regarding an action to compel an officer of the United States to perform his duty; and 8 USC Section 1329, the Immigration and Nationality Act providing for jurisdiction of this Court over actions arising under said Act.

## III.
## VENUE

3.  28 USC Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiffs Marianna Przhebelskaya, Vladimir Przhebelskiy, Yeveniya Prezhebelshaya all reside in the Eastern District of New York. The Defendant Edward McElroy, District Director of Bureau of Citizenship and Immigrations services, ("BCIS") is an agency which operates within this district and has control and authority over these files has offices in the Eastern District of New York.

## IV.
## PRELIMINARY STATEMENT

4.  Plaintiffs have applied for adjustment to lawful permanent resident status (so called "green card" or "I-485" applications). Plaintiff filed for adjustment of status on April 14, 2003 as a DV-03 lottery winner. The Defendant's question whether the Plaintiffs have maintained legal status in the United States so as to entitle them to finish (adjust status) their cases in the United States. Plaintiffs entered the United States on October 30, 1999 and was admitted to stay until April 29, 2000. On February 17, 2000 more than two months before her lawful status expired Plaintiff filed a petition for a non-immigrant worker and change of non-immigrant classification. Just by the filing of that petition entitled them to remain legally in the United States during the adjudication period. That petition for change of status form B-2 to H1-B was approved on May 1, 2000. Plaintiff was granted H1-B status until February 15, 2003. Plaintiffs have always been in legal visa status but the BCIS denied their right to obtain their legal permanent residence based upon an incorrect decision that they were "out of status" for one day (April 30, 2000). As a result their applications for adjustment of status as a DV-03 winner were denied.

## V.
## PLAINTIFFS

5. Plaintiffs are applicants for Adjustment of Status to Lawful Permanent Residence of the United States, who, at the time they requested their Adjustment of Status Applications were in status and at not out of status, are eligible of adjustment of status benefits. Marianna Przhebelskaya has an approved diversity based Visa Petition with a current priority date. Vladimir Przhebelskiy is the husband of Marianna Przhebskaya and Yevgeniya Przhebelskaya is the child and both are entitled to obtain their legal permanent residence through the same process as the derivative applicants of the principal applicant.

## VI.
## DEFENDANTS

6. Defendant, BCIS, is a Federal agency within the Bureau of Homeland Security, which is mandated under the law [8 USC Section 1103] to supervise, implement, and enforce the Immigration and Nationality Act, including Applications for Adjustment of Status.

7. Defendant, Eduardo Aguirre, Jr, is the duly appointed Commissioner of the United States Immigration and Naturalization Service (INS), and charged under the law [8 USC Section 1103] with supervising, implementing, and enforcing the Immigration and Nationality Act.

8. Defendant, John Ashkroft, as Attorney General of the United States, is charged under the law [8 USC Section 1103] to administer and enforce the Immigration and Naturalization laws of the United States, and is further charged under the law [INA Section 310, *et seq.*] to prescribe regulations by which a person can become a naturalized citizen.

9. Defendant Edward McElroy is the duly appointed District Director of the New York District Office of the BCIS, and charged under the law [8 USC Section 1103] with administrating and enforcing the I.N.A.

## VIII.
## FACTUAL ALLEGATIONS

10. Plaintiffs applied to the Bureau of Citizenship and Immigration Services [BCIS] to become lawful permanent residents. They did so by filing I-485 applications with the INS [green card applications].

11. Plaintiffs made such applications pursuant to Immigration and Nationality Act Section 245, *et seq.* [8 USC Section 1255, *et seq.*]

12. Pursuant to 8 USC Section 1255, *et seq.*, 5 USC Section 555, *et seq.* [the Administrative Procedures Act or APA], and the Fifth Amendment to the U.S. Constitution, plaintiffs enjoy a clear right to apply to the INS for lawful permanent resident status and to receive a reasonably timely interview, and a reasonably timely adjudication of their applications. They also enjoy a right to have federal agencies charged with the responsibility of promulgating regulations that affect their applications, to do so with within a reasonable time

13. Plaintiff was eligible for Adjustment of Status as a DV-03 lottery winner because she was never out of status while present in the United States.

14. Pursuant to 8 C.F.R. 248.1 (b) an alien maintains status once a change of status or extension of status request is timely.

15. Plaintiff entered the United States on 10/30/1999 and was admitted until 04/29/2000. She filed for change of status 2/17/2000 more than two months before her status was set to expire. Plaintiff was in status on the 4/30/2000 because she file a timely petition as a non-immigrant worker and change of non-immigrant classification which allowed her to maintain status.

## IX.
## STATUTORY AND REGULATORY FRAMEWORK

16.  Pursuant to Section 203(c) of the Immigration and Nationality Act, 8 USC 1153 (c), entitled Diversity Immigrants, Plaintiffs meet the statutory definition and are entitled to adjustment of status. This provision allows a number of aliens to obtain legal residence in the United States through a visa lottery. The Plaintiff is the winner of this years lottery.

17.  Further, Pursuant to 22 C.F.R. 42.33(a)(1) when al applicant for a diversity lottery visa must **a obtain visa within the fiscal year s/he applied. " Under no circumstances may a consular officer issue a visa.... after the end of the *fiscal year (September 30, 2003).* "** If this immigrant visa is not completed before September 30, 2003 the plaintiff and her family will be unable to obtain visa through this process. **With less than 90 days to go before the expiration of this program it is essential that this matter be resolved before that September 30, 2003 date.**

18.  The Defendants have failed to complete the ministerial actions that would result in allowing them to process the applications, interview plaintiffs, and adjudicate their applications in a reasonably timely matter. **The plaintiffs will suffer irreparable injury of this matter is not immediately resolved.**

19.  The Plaintiffs have made both written and verbal inquires of the defendants to complete this matter and have had all requests denied or ignored. The Plaintiffs have also filed a motion to reopen and that motion has been denied. The responses to these inquiries have been pro forma replies, that all such applications are not being accepted due to regulation.

20.  Plaintiffs have been denied due process of law under the terms of the terms of the Fifth Amendment to the U.S. Constitution by the Defendants' refusal to take action to process and adjudicate their applications, or to issue the subject regulations.

21.  Plaintiffs have suffered and continue to suffer irreparable harm as a result of the Defendants' refusal to grant adjustment of status. This harm includes: an unreasonable delay in establishing eligibility for U.S. citizenship, inability to travel or relocate, separation from their families, inability to establish residency

for tuition purposes, inability to obtain home or educational loans and, generally, continuing mental and emotional distress resulting from their unsettled legal condition.

22. There is no reasonable basis for the Defendants' position, and it is not substantially justified under the-law.

23. As indicated earlier, Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists.

## X.
## CLAIM FOR RELIEF

24. Plaintiffs reallege paragraphs 1 through 23 herein as if fully set forth. Plaintiffs are entitled to an order in the nature of mandamus to compel Defendants to promulgate the regulations, to process Plaintiffs applications, and, to grant adjustment of status as a DV-03 lottery winner.

25. Plaintiffs are entitled to injunctive relief to prevent the INS from engaging in a willful allure to process Plaintiffs' applications, and, having interviewed Plaintiffs, to adjudicate their applications in a reasonably timely manner.

26. Defendants owe Plaintiffs the duty to act upon their Adjustment Applications, and have unreasonably failed to perform that duty. Plaintiffs have provided all relevant information and facts on each case.

27. Strong humanitarian factors genuinely exist in this circumstance.

28. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendant's delay.

29. Plaintiffs are eligible for payment of attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act, 28 USC Section 2412.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

(1)     Assume jurisdiction of this cause;

(3)     That Judgment be entered ordering Defendants to grant adjustment of status.

(4)     That Judgment be entered ordering the BCIS Defendants to process Plaintiffs' applications, and adjudicate each Plaintiff's application for permanent residence status forthwith;

(6)     Declare that Defendants' actions are an arbitrary and capricious abuse of discretion;

(7)     Compel Defendants and those acting under them to perform their duty to act upon the Applications for Adjustment of Status owed to Plaintiffs;

(8)     Declare that regardless of the date of the Court's decision, the Plaintiffs, be deemed eligible to obtain their visa and adjust her status and that visa numbers be reserved for them beyond the date of September 30, 2003;

(9)     That Plaintiff's be awarded attorneys' fees, costs and expenses under the Equal Access to Justice Act; and

(10)    That the Court grant such other and further relief as this Court deems proper under the circumstances.

Dated: July 1, 2003

Respectfully,

*(signature)*

Harry DeMell

Attorney at law

225 Broadway, Suite 1605

New York, NY 10007

(212)732-2767



**U.S. Department of Homeland Security**
Bureau of Citizenship & Immigration Services

26 Federal Plaza Rm 8-800
New York, NY 10278

April 24 2003

A96-423-488
Marianna Przhebelskaya
53-00 65th Place #6A
Maspeth, NY 11378

### DECISION

On April 14, 2003, you applied for adjustment of status as a Diversity Visa 2003 (DV-03) lottery winner. That application is denied for the following reasons.

Section 245 of the Act provides in pertinent part:

> *(a) The status of an alien who was inspected and admitted or paroled into the United States 1/ or the status of any other alien having an approved petition for classification under subparagraph (A)(iii), (A)(iv), (B)(ii), or (B)(iii) of section 204(a)(1) or may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.*

The Code of Federal Regulations, Title 8, Section 103.2(b) requires:

> *(1) An applicant or petitioner must establish eligibility for a requested immigration benefit. An application or petition must be completed as applicable and filed with any initial evidence required by regulation or by the instructions on the form.*

8 Code of Federal Regulations (CFR) Section 245.1 states, in pertinent part:

> *(b) Restricted aliens. The following categories of aliens are ineligible to apply for adjustment of status to that of a lawful permanent resident alien under section 245 of the Act, unless the alien establishes eligibility under the provisions of section 245(i) of the Act (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a lawful status since entry into the United States.*

8 CFR Section 245.1 further states:

> *(i)(1) 2a/ Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States (A) who (i) entered the United States without inspection; or (ii) is within one of the classes enumerated in subsection (c) of this section; and (B) who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 203(d)) of (i) a petition for classification under section 204 that was filed with the Attorney General on or before April 30, 2001 may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence.*

PRZHEBELSKAYA
A96-423-488

You filed for adjustment of status on April 14, 2003 as a DV-03 lottery winner. Your last arrival into the United States was October 30, 1999. You were admitted until April 29, 2000. You applied for and were granted status as an H-1B non-immigrant from May 1, 2000 until February 15, 2003. You were out of status on April 30, 2000. In order to file for adjustment of status, you must have continuously maintained a legal immigration status or you must be eligible to file the I-485 Supplement A. You have not provided any evidence that you are eligible to file the supplement. Accordingly, your application must be denied as a matter of law. Any employment authorization you may have received is hereby terminated.

This decision may not be appealed. If you believe the law was inappropriately applied or the analysis used in reaching the decision was inconsistent with the information provided or with precedent decisions, you may file a motion to reconsider. If you have new or additional information which you wish to have considered, you may file a motion to reopen.

Section 103.5 of Title 8 CFR states, in pertinent part:

> (a)(1)(i) *Any motion to reconsider an action by the Service filed by aapplicant ........must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant.....must be filed within 30 days of the decision that the motion seeks to reopen.*

A motion to reconsider must state the reasons for reconsideration and be supported by copies of any pertinent law, regulation, or precedent decisions. A motion to reopen must state the new facts to be proved at the reopened proceeding and be supported by documentary evidence. Any motion should be mailed/hand delivered to the New York District Office.

You may be eligible to receive a grant of voluntary departure from the United States. If you wish to request voluntary departure, you must take this notice and go to your local office of the Immigration and Naturalization Service to make that request. A request for voluntary departure must be made in writing and must be accompanied by your original passport or other travel documentation sufficient to assure your lawful entry into the country to which you intend to depart. If your request for voluntary departure is denied, you may be subject to removal from the United States. You may renew your application for adjustment of status during removal proceedings.

Sincerely,

Mary Ann Gantner
Interim District Director - BCIS

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

CC:   ALLA KRUPNIK
      26 BROADWAY 21ST FL
      NEW YORK NY 10004



**U.S. Department of Homeland Security**
Bureau of Citizenship & Immigration Services

26 Federal Plaza Rm 8-800
New York NY 10278

May 8, 2003

Marianna Przhebelskaya
53-00 65th Place #6A
Maspeth, NY 11378

Re:   Motion To Reconsider
      File Number: A96-423-488

### DECISION

Reference is made to your Motion to Reconsider, dated May 7, 2003, to reconsider the denial order, dated April 24, 2003, entered by this Service. After careful review and consideration of the motion, it has been determined that the motion to reconsider the denial order, entered by this Service on April 24, 2003, be dismissed.

Section 103.5 of Title 8 CFR states, in pertinent part:

> *(a)(3) A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.*

You cite, in your letter, that the applicant must have been in status or the change of status would not have been granted. In fact, the applicant did not apply for a change of status but applied for an I-129 Petition for Non-Immigrant Worker. Once the petition was approved she was also provided with a change of status. In the text of the approval notice issued it clearly states: "The status of the named foreign worker(s) in this classification is valid as indicated above". The I-129 notice clearly indicates that the class of H1B1 is valid from May 1, 2000 to February 15, 2003. You have not provided an evidence that disputes this fact or would indicate that April 30, 2000 is covered during this period. Accordingly, the applicant was out of status on April 30, 2000. You have not shown by precedent decisions or Service regulations to counter the decision. Accordingly, it is ordered that the motion to reconsider be, and hereby is Dismissed.

Sincerely,

Mary Ann Gantner
Interim District Director - BCIS
New York District

CC:   ALLA KRUPNIK
      26 BROADWAY 21ST FL
      NEW YORK NY 10004



**U.S. Department of Homeland Security**
Bureau of Citizenship & Immigration Services

26 Federal Plaza Rm 8-800
New York, NY 10278

April 15, 2003

A96-423-490
Vladimir Przhebelskiy
53-00 65th Place #6A
Maspeth, NY 11378

### DECISION

Upon consideration, it is ordered that your <u>application for status as a permanent resident</u> be denied for the following reasons:

You filed your application for adjustment of status based on your spouse's pending application for adjustment under Section 245 of the Act. Derivative Beneficiaries such as yourself are eligible to apply for adjustment of status providing all criteria of the principal applicant is met and that the principal applicant is eligible to adjust. Your spouse's application for adjustment has been denied as a matter of law. Based on this decision, you are now ineligible to receive derivative benefits due to the denial of the principal applicant. Any employment authorization you have been granted is hereby terminated.

You may be eligible to receive a grant of voluntary departure from the United States. If you wish to request voluntary departure, you must take this notice to your local Immigration and Naturalization Office to make that request. A request for voluntary departure must be made in writing and must be accompanied by your original passport or other travel documentation sufficient to assure your lawful admission into the country that you intend to enter. If that request is approved, you must also agree to all of the terms and conditions of the voluntary departure. If that request is approved and you fail to meet the terms and conditions set forth, you will become subject to a civil penalty of not less than $1,000.00 and not more than $5,000.00. Failure to meet the terms and conditions will also result in your being ineligible for any further relief from removal from the United States. If your request for voluntary departure is denied you will be subject to removal from the United States.

Sincerely,

*Mary Ann Gantner*

Mary Ann Gantner
Interim District Director - BCIS
New York District

CERTIFIED MAIL/RETURN RECEIPT REQUESTED

CC:   ALLA KRUPNIK
      26 BROADWAY 21ST FL
      NEW YORK NY 10004



**U.S. Department of Homeland Security**
Bureau of Citizenship & Immigration Services

26 Federal Plaza Rm 8-800
New York, NY 10278

April 15, 2003

A96-423-489
Yevgeniya Przhebelskaya
53-00 65th Place #6A
Maspeth, NY 11378

### DECISION

Upon consideration, it is ordered that your <u>application for status as a permanent resident</u> be denied for the following reasons:

You filed your application for adjustment of status based on your parent's pending application for adjustment under Section 245 of the Act. Derivative Beneficiaries such as yourself are eligible to apply for adjustment of status providing all criteria of the principal applicant is met and that the principal applicant is eligible to adjust. Your parent's application for adjustment has been denied as a matter of law. Based on this decision, you are now ineligible to receive derivative benefits due to the denial of the principal applicant. Any employment authorization you have been granted is hereby terminated.

You may be eligible to receive a grant of voluntary departure from the United States. If you wish to request voluntary departure, you must take this notice to your local Immigration and Naturalization Office to make that request. A request for voluntary departure must be made in writing and must be accompanied by your original passport or other travel documentation sufficient to assure your lawful admission into the country that you intend to enter. If that request is approved, you must also agree to all of the terms and conditions of the voluntary departure. If that request is approved and you fail to meet the terms and conditions set forth, you will become subject to a civil penalty of not less than $1,000.00 and not more than $5,000.00. Failure to meet the terms and conditions will also result in your being ineligible for any further relief from removal from the United States. If your request for voluntary departure is denied you will be subject to removal from the United States.

Sincerely,

*[signature]*

Mary Ann Gantner
Interim District Director - BCIS
New York District

CERTIFIED MAIL/RETURN RECEIPT REQUESTED

CC: ALLA KRUPNIK
26 BROADWAY 21ST FL
NEW YORK NY 10004