UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIANNA PRZHEBELSKAYA,
VLADIMYR PRZHEBELSKIY,
and     YEVGENIA PRZHEBELSKAYA   )
                                 )
                                 )
Plaintiffs,                      )
                                 )
                                 )
v.                               )
                                 )
**UNITED STATES BUREAU OF**      )
**CITIZENSHIP AND IMMIGRATION**  )
**SERVICESJOHN ASHKROFT,**       )
Attorney General of theUnited States;  )
**EDWARD McELROY,** DistrictDirector  )
of the Bureau of Citizenship and Immigration  )
Services, **EDUARDO AGGUAIRE,JR,**  )
Commissioner of the Bureau of Citizenship and )
Immigration Services.            )
                                 )
                Defendants.      )
                                 )

## PETITIONER'S MEMORANDUM OF LAW

Attorney for Petitoner

Harry DeMell
225 Broadway, Suite 1605
New York, NY 10007
(212) 732-2767

# INTRODUCTION

This is an action for declaratory and mandatory relief, authorized by the Declaratory Judgement Act, 28 USC Section 1361, and the Administrative Procedure Act, et seq. This action challenges the United States Government policy of refusing to expedite the processing of and approving the Adjustment of Status Applications for otherwise eligible diversity visa lottery winners who desire to process their applications prior to the September 30, 2003 deadline when a certain program ends. This certain program allows winners of a visa lottery to obtain legal permanent residence if they can prior to September 30, 2003.

The Plaintiffs would suffer irreparable injury if these applications are not timely adjudicated.

Time is of the essence.

# STATEMENT OF THE CASE

This is a request to order the Bureau of Citizenship and Immigration Services (BCIS) to accept and expedite for processing applications for a family who are entitled to immigrant visas (also known as green cards) but only if the applications are processed prior to September 30, 2003. Due to changes in the way BCIS is processing these cases we have been informed that they would not approve these applications..

In these cases the BCIS accepted for filing all applications and later denied them on the grounds that the applicants were technically out of status (not in technical legal status) for 2 days. This is clearly wrong.

During the 2 days in question the applicants had applications for work visas pending for several months with the BCIS and were therefore in legal status. Attempts were made to notify the BCIS that they were making an error in law as well as fact and that these applications should

be immediately processed to conclusion. The defendants responded negatively.

If these cases are not adjudicated with in the next few weeks these people will not be eligible for green cards under this program and would have no authority to remain in the United States.

## STATEMENT OF THE FACTS

Plaintiffs have applied for adjustment to lawful permanent resident status (so called "green card" or "I-485" applications). After such applications have been filed, the law entitles each applicant to a reasonably timely interview and subsequent adjudication of the application in a reasonably timely manner. In all these cases the applicants were winners in an immigrant visa lottery that allows them to obtain permanent visa (green cards) only between October 1, 2002 and September 30, 2003. These applications were denied by the BCIS on the mistaken assumption that the defendants had somehow been out of status and therefore tecnically not eligable for this processing. These matters were rejected on that basis.

Since the prior applications are already on file due to the prior denied applications, most of the processing has already been completed by the defendants.

Defendant's unlawful conduct is manifested in several forms. Defendants are intentionally refusing to process Plaintiff's applications, without regard to the law. Defendants are unreasonably delaying the processing of these applications which would in effect amount to a denial since in less than 80 days these visas will become unavailable and therefore worthless. Defendants' conduct in failing to accept and adjudicate these applications have caused unnecessary and injurious delays to Plaintiffs in violating of their rights as alleged herein.

Plaintiffs have made numerous inquiries regarding the status of their cases. The Defendant, BCIS, has provided only a pro forma response, that all such applications are being refused

"according to the regulations". This is clearly not according to the regulations and will cause irreparable injury to each and every defendant herein.

## RELIEF REQUESTED

The plaintiffs are requesting an order from this court ordering the defendants to accept and adjudicate the adjustment applications prior to September 30, 2003.

## ARGUMENTS PRESENTED

The defendants have a duty to accept and adjudicate any properly filed applications. 5 USC 555(b), 8 USC 1255. This duty would be meaningless if a delay is allowed that would so prejudice the applicant that all rights sought to be enforces would be lost.

Despite the clear mandate of 5 USC Section 555[b], requiring the BCIS to process the applications, interview Plaintiffs, and adjudicate their applications within a reasonable time, the BCIS has failed and/or refused to do so. The Administrative Procedure Act specifically authorizes judicial review of agency inaction and delay: "The Reviewing Court shall-(1)compel agency action unlawfully withheld or unreasonable delayed" 5 USC 706(1).

Here the failure of the BCIS to complete adjudication before September 30, 2003 would severely prejudice the plaintiffs. After the September 30th date, the plaintiffs would not be eligible for immigrant visas under this program and would be subject to removal (deportation) proceedings. In the case of plaintiff that would have no means to remain in the United States legally.

Pursuant to 8 USC Section 1255, et seq., 5 USC Section 555, et seq. [the Administrative Procedures Act or APA], and the Fifth Amendment to the U.S. Constitution, plaintiffs enjoy a clear right to apply to the BCIS for lawful permanent resident status and to receive a reasonably timely interview, and a reasonably timely adjudication of their applications.

Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists.

Plaintiffs have been denied due process of law under the terms of the terms of the Fifth

Amendment to the U.S. Constitution by the Defendants' refusal to take action to process and adjudicate their applications, or to issue the subject regulations.

Plaintiffs have suffered and continue to suffer irreparable harm as a result of the Defendants' refusal to take action. This harm includes: an unreasonable delay in establishing eligibility for U.S. citizenship, inability to travel or relocate, separation from their families, inability to establish residency for tuition purposes, inability to obtain home or educational loans and, generally, continuing mental and emotional distress resulting from their unsettled legal condition.

There is no reasonable basis for the Defendants' position, and it is not substantially justified under the-law.

Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists.

Since Plaintiffs cannot appeal these decisions and since federal law requires Plaintiffs to follow the application process they are now following, and about which they are now complaining, Plaintiffs have no adequate remedy at law to compel Defendants to accept their applications and to process Plaintiffs' green card applications, and, having already interviewed Plaintiffs, to adjudicate their applications. Only relief in the nature of mandamus will protect the Plaintiffs from Defendants' failure to act.

## CLAIM FOR RELIEF

Plaintiffs are entitled to injunctive relief to prevent the BCIS from engaging in willful failure to process Plaintiffs's applications, and, having interviewed Plaintiffs, to adjudicate their applications in a reasonably timely manner.

Dated: July 2, 2003
New York, NY

Respectfully,

Harry DeMell
Attorney at law
225 Broadway, Suite 1605
New York, NY 10007
(212) 732-2767